.SEP 25 2019
@ 12 pm

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 848299
Tracking Number: 73673775

CAUSE NUMBER: 201967794

| | |
|---|---|
| PLAINTIFF: OM INDUSTRIAL PRODUCTS CORPORATION | In the 215th Judicial |
| vs. | District Court of |
| DEFENDANT: NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

OR WHEREVER THE COMPANY OR REGISTERED AGENT MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND CERTIFICATE OF WRITTEN DISCOVERY.

This instrument was filed on September 18, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 18, 2019.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: NELSON CUERO

Issued at request of:
DELGADO, JAVIER
515 POST OAK BLVD SUITE 510
HOUSTON, TX 77027
713-626-8880

Bar Number: 24066339

DELIVERED:
ON: 9-25-19
BY: _____ 858 735
@: _____ am pm

**DEFENDANT'S EXHIBIT A**

Tracking Number: 73673775

CAUSE NUMBER: 201967794

| | |
|---|---|
| PLAINTIFF:   OM   INDUSTRIAL   PRODUCTS   CORPORATION | In the 215th |
| vs. | Judicial District Court |
| DEFENDANT: NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY | of Harris County, Texas |

## OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   ____.   M.,   on   the   _____   day   of
_____, 20_____.
Executed   at   (address)   _____
in _____ County
at   _____   o'clock   ____.   M.,   on   the   _____   day   of
_____, 20 _____,
by  delivering  to  _____ defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To   certify   which   I   affix   my   hand   officially   this   _____   day   of
_____, 20 _____.

FEE:   $ _____        _____
                                          _____ of _____
County, Texas
_____        By:   _____
        Affiant                                        Deputy
On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of
_____, 20 _____
                                                        _____

9/18/2019 2:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36921707
By: Nelson Cuero
Filed: 9/18/2019 2:36 PM

**CAUSE NO.**

| | | |
|---|---|---|
| **OM INDUSTRIAL PRODUCTS** | § | **IN THE DISTRICT COURT OF** |
| **CORPORATION** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONWIDE PROPERTY &** | § | |
| **CASUALTY INSURANCE** | § | |
| **COMPANY;** | § | |
| **DEFENDANT** | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **OM INDUSTRIAL PRODUCTS CORPORATION** (hereinafter, referred to as Plaintiff), and files this, its **Original Petition**, and for causes of action against **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY ("NATIONWIDE");** would show unto the Court and the jury the following:

**A.     DISCOVERY CONTROL PLAN**

1.     Plaintiff intends to conduct discovery under **Level 3** of Tex.R.Civ.P.190.

**B.     PARTIES AND SERVICE OF PROCESS**

2.     Plaintiff owns the properties that are the subject of this lawsuit and are situated at 3334 Creekmont Dr., Houston, TX 77091, **Harris** County (hereinafter "Plaintiff").

3.     Defendant, **NATIONWIDE** is an insurance company registered to engage in the business of insurance in the state of Texas.  This Defendant may be served with personal service by a process server, by serving its Registered Agent, **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever the company or Registered Agent may be found.**

1

### C.   STATUTORY AUTHORITY

4.       This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA".  This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.,* Chap. 541.051 *et seq.*, Chap. 542.051 *et se.,* and Tex. Civ. & Rem. Code §38.01 *et seq.*

### D.   JURISDICTION

5.       The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court; Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and demand for judgment for all the other reliefs to which the parties deems itself entitled.

6.       The Court has jurisdiction over Defendant, **NATIONWIDE**, because Defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

### E.   VENUE

7.       Venue for this suit for breach of a written contract is permissive in {Harris County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

2

### F.    NOTICE AND CONDITIONS PRECEDENT

8.    Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages and expenses in the manner and form required.

9.    All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

### G. FACTS

10.    This lawsuit arises out of the following transactions, acts, omissions, and/or events.

11.    The Plaintiff's property was severely damaged by a windstorm occurring on or about August 25, 2017.

12.    The Plaintiff submitted a claim to Defendant, **NATIONWIDE** pursuant to the contract of insurance for damages as a result of a windstorm.

13.    Defendant, **NATIONWIDE** acknowledged Plaintiff's claim and assigned a claim number of ACP CPPK 3017852801.

14.    Defendant, **NATIONWIDE,** assigned Dale Grimm Jr., to properly investigate and  evaluate the claim.  The property was inspected and claim was denied and no payment was issued by **NATIONWIDE.**

15.    Plaintiff did not agree with **NATIONWIDE's** assessment of the damage. PLAINTIFF has been negotiating this claim with **NATIONWIDE** on his behalf and it is clear that the parties have reached an impasse.

16.    Plaintiff has attempted to resolve this matter with **NATIONWIDE** in appraisal but Plaintiff's attempts have been unsuccessful.

17.     Plaintiff's consultant from Insurance Claim Consultants, Inc. determined that the amount of damages resulting from the covered cause of loss that occurred on the Date of Loss totaled $219,130.72, for the Business Personal Property totaled $115,524.80.  The Business Income Loss of $28,723.82.

18.     On or about May 18, 2018, Plaintiff demanded appraisal for a first time.

19.     On or about June 1, 2018, Plaintiff demanded appraisal for a second time.

20.     On or about June 7, 2018, **NATIONWIDE** finally agrees to cooperate with the appraisal demands.

21.     Plaintiff invoked the appraisal provision in the insurance policy on numerous occasions, and Defendant, **NATIONWIDE**, wrongfully denied the requests proceed with appraisal as stated in the subject insurance policy.

22.     The parties engaged in the appraisal process and an appraisal award was rendered on or about August 13, 2019.  The appraiser for **NATIONWIDE** was Jamie Fallis, the appraiser for Plaintiff was Don Lamont.

23.     In the appraisal process, the appraisers estimated the value of the damages and the business personal property loss portion of the damages.

24.     The appraisal award determined the costs to repair the damages was $6,235.94 for Building loss and $121,028.70 for business personal property.  The appraisal award was signed by all of the appraisal panel members, Bryan Scanlan, Jamie Fallis and Don Lamont.

25.     The claim submitted by Plaintiff for Business Loss coverage is $28,723.82.

26.     On or about August 22, 2019, Plaintiff submitted a statutory demand to **NATIONWIDE**.

27.     On August 30, 2019, **NATIONWIDE** refused to pay the appraisal award.

28.     To date **NATIONWIDE** has refused payment on this claim for property damage, business personal property and business income loss.

29.     Plaintiff asserts that **NATIONWIDE** has breached the contract of insurance and **NATIONWIDE** owes actual damages of $155,988.46, plus a reasonable attorney fee (based on contractual agreement with Plaintiff);

30.     The claims were not handled for the benefit of the Plaintiff, and Defendant failed to accomplish the goal of fairly and promptly adjusting the claims, did not adhere to the highest degree of ethical conduct, and material facts, information, and evidence was intentionally concealed despite the fact that the claims were denied based upon the investigation and conclusions that is being concealed.  The conduct exhibited by **NATIONWIDE** flies in the face of the public trust and deliberately ignores the responsibility and duty entrusted to the respective firms named herein.

31.     As of this date, **NATIONWIDE** has failed to pay for the covered windstorm damage to Plaintiff's property.

32.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the Defendant, **NATIONWIDE** insurance policy.

33.     Defendant, **NATIONWIDE**, acting through their agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust

Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

34.     Defendant, **NATIONWIDE** has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

35.     Defendant, **NATIONWIDE**, failed or refused and continue to fail or refuse to pay covered claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code.  Instead, **NATIONWIDE** has wrongfully delayed or denied claims when liability for coverage under the policy was reasonably clear.

36.     In contrast, Plaintiff has cooperated with every request made by Defendant, **NATIONWIDE** and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

37.     Defendant, **NATIONWIDE** have persisted in delay or denial to pay the full amounts due for Plaintiff's claim even though a person of ordinary prudence and care would have done otherwise.

38.     No reasonable basis exists for Defendant, **NATIONWIDE** to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

39.     No reasonable basis exists for Defendant, **NATIONWIDE** to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

40.     Defendant, **NATIONWIDE** has misrepresented to Plaintiff that the damages to the property were not due to the covered perils from the windstorm damage of August 25, 2017, even though the damages were caused by covered perils.

41.     Defendant, **NATIONWIDE** failed to make an attempt to settle the claims in a fair manner, although Defendant, **NATIONWIDE** was aware of the liability to the Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act.  Tex. Ins. Code Sec.541§060(2).

42.     Defendant, **NATIONWIDE,** refused and/or failed to properly evaluate the obvious damages to Plaintiff's property, forcing the Plaintiff to hire its own experts and incur additional expenses.

43.     Defendant, **NATIONWIDE,** after conducting inspections of the damaged insured property and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

44.     Defendant, **NATIONWIDE,** refused to fully compensate Plaintiff, under the terms of the policy, even though **NATIONWIDE,** failed to conduct a reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

45.     Defendant,   **NATIONWIDE,**   performed   an   outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  **NATIONWIDE,** conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

46.     Defendant, **NATIONWIDE,** failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant, **NATIONWIDE,** have delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. Defendant,

7

NATIONWIDE are in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

47.     From and after the time Plaintiff's claims were presented to **NATIONWIDE**, the liability of **NATIONWIDE** to pay the full claims in accordance with the terms of the policy was reasonably clear.  However, **NATIONWIDE** have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

48.     As a result of Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

49.     Plaintiff's experience is not an isolated case.  The acts and omissions committed by Defendant, **NATIONWIDE**, in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, **NATIONWIDE,** with regard to handling these types of claims.  Defendant, **NATIONWIDE,** entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

## H.  CAUSES OF ACTION AGAINST DEFENDANT, NATIONWIDE - COUNT I - BREACH OF CONTRACT

50.     Plaintiff incorporates paragraph numbers twelve through forty-nine as though fully stated herein.

51.     Plaintiff and Defendant **NATIONWIDE** executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 3334 Creekmont Dr., Houston, Texas 77091, Harris County, from the peril of windstorm

damage among other perils.   Defendant has a complete copy of the policy in its possession.

52.     All damages and loss to Plaintiff's property were caused by a direct result of a peril for which Plaintiff insured pursuant to the policy herein, windstorm damage.

53.     Defendant, **NATIONWIDE** sold this policy insuring the property in it's "as is" condition, insuring the property that is the subject of this lawsuit to Plaintiff.

54.     Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the windstorm damage.

55.     Plaintiff submitted a claim to Defendant, **NATIONWIDE** pursuant to the contract of insurance for damages as a result of the windstorm damage.

56.     Plaintiff provided Defendant, **NATIONWIDE**, with proper notice of damage to the exterior and interior of the insured property.

57.     Defendant **NATIONWIDE** and Plaintiff agreed to resolve the claim dispute in the appraisal process and an appraisal award was issued setting forth the scope and value of the Plaintiff's claim for damages.  See attached ***Exhibit A***, Appraisal Award

58.     Despite the appraisal panel determining the scope and the value of the property damages at issue **NATIONWIDE** has refused to pay the Appraisal Award and failed to pay any amounts due pursuant to the Appraisal. Award.  See attached ***Exhibit B***, Letter from **NATIONWIDE** dated August 30, 2019.

59.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the **NATIONWIDE,** insurance policy. See attached ***Exhibit C***, Letter sent to **NATIONWID E** dated August 22, 2019.

9

60.     Defendant, **NATIONWIDE**, acting through its agents, servants, representatives and employees have failed to properly investigate, evaluate, adjust, and pay Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

61.     Defendant, **NATIONWIDE** have failed and refused to  evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR
## CLAIMS PRACTICES ACT

62.     Plaintiff incorporates paragraph numbers twelve through forty-nine as though fully stated herein.

63.     Defendant, **NATIONWIDE,** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

**NATIONWIDE's** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* Tex. Ins.

(1) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

64.     Defendant, **NATIONWIDE**, misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 et seq.

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)  making a material misstatement of law; or

(5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

65.    Defendant, **NATIONWIDE's,** unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

66.    Plaintiff incorporates paragraph numbers twelve through forty-nine as though fully stated herein.

67.    Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act.  Tex. Ins. Code Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

68.    By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

69.     Plaintiff incorporates paragraph numbers twelve through forty-nine as though fully stated herein.

70.     Defendant, **NATIONWIDE's**, conduct, as specifically described in Section G and in paragraph numbers thirteen through forty-two above, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract.

71.     Defendant, **NATIONWIDE's**, conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

72.     Defendant, **NATIONWIDE's**, failure as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### I.     KNOWLEDGE AND INTENT

73.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### J.     DAMAGES AND PRAYER

74.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant and prays that, be cited to appear and answer and that on a final trial on the merits, Plaintiff recovers from Defendant the following:

12

75.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

76.     For breach of contract by Defendant **NATIONWIDE.** Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq.*

77.     For noncompliance with the Texas Unfair Competition and Unfair Practices Act by Defendant, **NATIONWIDE**, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq.*

78.     For violation of the Texas Deceptive Trade Practices Act by Defendant, **NATIONWIDE,** Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for **three (3)** times its actual damages, Pursuant to Tex. Ins. Code Ann. Section 17.50(b)(1).

79.     For noncompliance with *Texas Prompt Payment of Claims Act* by Defendant, **NATIONWIDE,** Plaintiff is entitled to the amount of its claims, as well as **eighteen (18)** percent interest per annum post judgment interest, as allowed by law, and

for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant to Tex. Ins. Code Sec. 542.058 *et seq.* and 542.060 *et seq.*

80.     In order to punish Defendant, **NATIONWIDE** and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded.   Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

81.     For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, **NATIONWIDE,** Plaintiff is entitled to actual Damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

## K.     JURY DEMAND

82.     Plaintiff respectfully demands a **trial by jury**.


## L.     REQUEST FOR DISCLOSURE

83.     Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days of service of this request, the information or material requested in Rule 194.2(a)-(l).

Dated: September 18, 2019

Respectfully submitted,

**The Merlin Law Group**

By:     */s/ Javier Delgado*
        **Javier Delgado, Esq.**
        Texas State Bar No: **24066339**
        Email: jdelgado@merlinlawgroup.com
        515 Post Oak Blvd., Suite 510
        Houston, Texas 77027
        Telephone: (713) 626-8880
        Facsimile: (713) 626-8881

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT "A"**

# APPRAISAL AWARD

Insured              : OM Industrial Products Corporation
Claim Number     : 862819-GF
Policy Number     : ACP CPPK3017852801
Date of Loss       : 8/25/2017
Insured Property Location: 3334 Creekmont Dr., Houston, TX 77091

We the undersigned, pursuant to our appointment as appraisers and umpire in the above referenced appraisal, DO HEREBY CERTIFY, that we have conscientiously preformed the duties assigned to us and have appraised the value of all losses presented as follows:

| Coverage | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|
| Building | 6,235.94 | 0 | 6,235.94 |
| Other Structure | 0 | 0 | 0 |
| Business Property | 121,028.70 | 0 | 121,028.70 |
| | | | |
| Total | $127,264.64 | $ | $127,264.64 |

**Stipulations**

This award is made without consideration of any deductibles or prior payments. Such deductibles and prior payments will be subtracted from any payments due and owing as a result of the entry of this award. This award is made subject to all the terms, conditions and exclusions of the above listed policy.

| | | |
|---|---|---|
| Appraiser for Policyholder<br>Don Lamont | Appraiser for Insurance Carrier<br>Jamie Fallis | *Bryan Scanlan*<br>Umpire<br>Bryan Scanlan |
| Date: 8/13/19 | Date: 08 / 13 / 2019 | Date: 8/14/2019 |

**EXHIBIT "B"**



Nationwide®

OM INDUSTRIAL PRODUCTS CORPORATION
Page 1 of 2

| | |
|---|---|
| Date prepared | August 30, 2019 |
| Claim number | 862819-GF |
| Policy number | ACP CPPK3017852801 |
| Questions? | Contact Claims Associate |
| | Bill Bailey Jr. |
| | BAILEYB5@nationwide.com |
| | Phone 910-308-3470 |
| | Fax 866-413-4047 |

Merlin Law Group
515 Post Oak Blvd., Suite 510
HOUSTON, TX 77027

## Claim details

| | |
|---|---|
| Insurer: | Nationwide Property & Casualty Insurance Company |
| Policyholder: | OM INDUSTRIAL PRODUCTS CORPORATION |
| Claim number: | 862819-GF |
| Loss date: | August 25, 2017 |

Dear Javier Delgado ,

This letter will serve as acknowledgment of the appraisal award of 8/20/2019, regarding the above captioned claim. Please know that the appraisal clause provides that we retain the right to deny the claim as outlined below.

APPRAISAL
If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.

Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:
a. You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and
b. We will still retain our right to deny the claim.

We attach a copy of our original denial letter of 11-29-2017 and based upon the facts of the claim, we stand on that denial and no payments will be made

## For more information

If you have any questions or concerns, please contact me at 910-308-3470 or

OM INDUSTRIAL PRODUCTS CORPORATION
Claim # 862819-GF
Page 2 of 2

BAILEYB5@nationwide.com.

Sincerely,

Bill Bailey Jr.
Nationwide Property & Casualty Insurance Company
P O Box 182068
Columbus, OH 43218-2068

 **Nationwide**

OM INDUSTRIAL PRODUCTS CORPORATION
Page 1 of 5

Date prepared    November 29, 2017
Claim number     862819-GF
Policy number    ACP CPPK3017852801
Questions?       Contact Claims Associate
                 Dale Grimm Jr.
                 GRIMMD@nationwide.com
                 Phone 614-813-5037
                 Fax 877-336-7106


OM INDUSTRIAL PRODUCTS CORPORATION
3334 CREEKMONT DR
HOUSTON, TX 77091-5527


## Claim details

Insurer:         Nationwide Property & Casualty Insurance Company
Policyholder:    OM INDUSTRIAL PRODUCTS CORPORATION
Claim number:    862819-GF
Loss date:       August 25, 2017

Dear OM INDUSTRIAL PRODUCTS CORPORATION ,

We completed our review of this building, business personal property, and business income loss loss that occurred on August 25, 2017. We made every effort to provide a fair and thorough evaluation of your policy of insurance and investigation of your loss.

Based on our investigation and review of your policy contract, Nationwide Property & Casualty Insurance Company's opinion is this loss was caused by flooding, wear and tear, maintenance, design, and installation of the roof. We must respectfully advise you that your policy number ACP CPPK3017852801 does not provide coverage for this loss.

## About our decision

Our investigation indicates the damage to your building, business personal property, and business income loss was a result of flooding, which is not a Covered Cause of Loss. In addition, we found that damage to the ceiling tiles, insulation, and stock stored in crates in the warehouse resulted from water entering the building through the roof system. There was no damage from Hurricane Harvey or a Covered Cause of loss to the roof system during the original inspection.

A report was provided by Gravitek Engineering Services, PLLC, which states in part:

" Exterior

Roof

• Gaps were observed at multiple locations at the intersection of the corrugated roof panels (between newer and older roofing panels)

• Fastener for roof attachment at the South-east corner of the 30ft extension appears to be missing/incomplete

• No moisture sealant was observed between corrugated metal roof panels (between newer and older roof panels)

• Gaps were observed between panels of the corrugated roof around the main building ridge

   o   No moisture sealant was observed

   o   This is in line with interior damage observed around the ridge

• Corrosion was observed on corrugated roof panels at some locations

- Existing moisture sealant between corrugated roof panels was observed to be weathered, damaged,and/or missing"

The engineer's report indicates the interior water entered the building from the roof system due to corrosion, weathered (wear and tear of moisture sealant, and the design or installation of the roof panels. The report did not find any damage to the roof from Hurricane Harvey or from a Covered Cause of loss. Wear and tear, rust, corrosion, deterioration, and errors in design or installation are excluded under your policy. For these reasons, we must regretfully deny coverage for your claim.

## Policy details

Your Commercial Property CP 00 10 (10/12) policy states the following:

A. Coverage (page 1 of 16)

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

3. Covered Causes of Loss (page 3 of 16)

See applicable Causes Of Loss Form as shown in the Declarations."

Your policy Declarations indicate that you have selected the Special Causes of Loss Form (CP 10 30 10 12).

B. Exclusions (page 1-2 of 6)

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

a. Ordinance Or Law

The enforcement of or compliance with any ordinance or law:

(1) Regulating the construction, use or repair of any property; or

(2) Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

(a) An ordinance or law that is enforced even if the property has not been damaged; or

(b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

g. Water

(1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

(2) Mudslide or mudflow;

(3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

(4) Water under the ground surface pressing on, or flowing or seeping through:

(a) Foundations, walls, floors or paved surfaces;

(b) Basements, whether paved or not; or

(c) Doors, windows or other openings; or

     (5) Waterborne material carried or otherwise moved by any of the water referred to in Paragraph (1), (3) or (4), or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water. But if any of the above, in Paragraphs (1) through (5), results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

2. We will not pay for loss or damage caused by or resulting from any of the following:
   d. (1) Wear and tear;
     (2( Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself
     (4) Settling, cracking, shrinking or expansion
3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss
   c. Faulty, inadequate or defective:
     (1) Planning, zoning, development, surveying, siting;
     (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
     (3) Materials used in repair, construction, renovation or remodeling; or
     (4) Maintenance; of part or all of any property on or off the described premises.

We now refer you to your Commercial Property CP 71 87 04 16 WHOLESALERS PLATINUM PROTECTION PLUS ENDORSEMENT, which states in part:

B. Under the BUILDING AND PERSONAL PROPERTY COVERAGE FORM or the CONDOMINIUM COMMERCIAL UNITOWNERS COVERAGE FORM, the following amendments are made: (1 of 25 pages)

   3. Under the BUILDING AND PERSONAL PROPERTY COVERAGE FORM, Section A. Coverage, 4. Additional Coverages, paragraph e. Increased Cost of Construction is deleted and replaced by the following: (1-2 of 25 pages)
     e. Ordinance or Law Coverage
      1) Coverage
        If a Covered Cause of Loss causes direct physical damage to a building that is Covered Property and as a result of such damage you are required to comply with the ordinance or law, we will pay the increased costs incurred to comply with the minimum standards of an ordinance or law that regulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements at a covered property; and is in force at the time for loss for:
   4. Under Section A. Coverage, 4. Additional Coverages the following Additional Coverages are

added: (4-9 of 25 pages)

t. Limited Business Income

1) We will pay up to $250,000 for the actual loss of "Business Income", including "rental value", you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises includes the area within 1,000 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the building, your premises means:

Unfortunately, flood, wear and tear, rust, deterioration, corrosion, and errors in design or installation are excluded from the Covered Causes of Loss. Therefore, there is no coverage for the damage to the building or your business personal property. There is no coverage for your loss of business income or extra expense as this loss did not result from a Covered Cause of Loss.

## Additional information

We expressly reserve all other rights, defenses, or contentions, which are available to us under the policy of insurance, by law or otherwise, and do not waive any such rights or defenses which we now have or which may become known to us in the future.

If you have information about this claim that may affect our current decision — please forward it to us as soon as possible.

## For more information

If you have any questions or concerns, please contact me at 614-813-5037 or GRIMMD@nationwide.com.

Sincerely,

Dale Grimm Jr.
Nationwide Property & Casualty Insurance Company
PO Box 182068
Columbus, OH 43218-2068

cc
The Public Adjusters

To obtain information or make a complaint, you may contact the Texas Department of Insurance at:

Address:   Texas Department of Insurance
           P.O. Box 149104
           Austin, TX 78714-9104

Telephone Number: 1-800-252-3439

Fax Number: 1-512-490-1007

Email: consumerprotection@tdi.texas.gov

Web Address: http://www.tdi.texas.gov

EXHIBIT "C"



# MERLIN
## LAW GROUP

515 POST OAK BLVD., SUITE 510
HOUSTON, TEXAS 77027

TELEPHONE (713) 626-8880
FACSIMILE (713) 626-8881

August 22, 2019

*Via Email:* MYoung@cokinoslaw.com
*First Class Mail*
Mark Young
Cokinos/ Young
c/o Nationwide Property & Casualty Insurance Company
Las Cimas IV
900 S. Capital of Texas Highway, Suite 425
Austin, Texas 78746

> RE:   Insured:       OM Industrial Products Corporation
>           Loss Address: 3334 Creekmont Dr., Houston, TX 7709
>           Policy No.:     ACP CPPK3017852801
>           Claim No.:     862819-GF
>           Date of Loss: 08/25/2017

Dear Mr. Young,

As you are aware Merlin Law Group represents the Insured, OM Industrial Products Corporation.  We are writing in response to the attached appraisal award signed by both appraisers on August 13, 2019.

The insured hereby demands payment of the appraisal award in the amount of $127,264.64 for building and business property, plus 18% interest in the amount of $28,430.57, $28,723.82 for business income loss, plus attorney's fees and costs in the amount of $60,900.00, plus the carrier's portion of $1,200.00 for reimbursement of the carrier's share of the Umpire's fee paid by Plaintiff in order to have the award released, for a total amount of $246,519.03.

There is no reason to delay resolution of this matter any further. Should you have any questions or concerns, you can contact myself or my paralegal, Thelma Amaro, at (713) 626-8880.

Very truly yours,

Javier Delgado, Esq.

JD/ta
cc :   OM Industrial Products Corp.

CAUSE NO. 2019-67794

| | | |
|---|---|---|
| OM INDUSTRIAL PRODUCTS CORPORATION | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY & | § | |
| CASUALTY INSURANCE | § | |
| COMPANY; | § | |
| DEFENDANT | § | 215th JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

COMES HERE, Plaintiff, **OM INDUSTRIAL PRODUCTS CORPORATION** by and through his undersigned counsel, hereby certifies and propounds upon Defendants, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,** the following documents in compliance with the applicable Texas Rules of Civil Procedure:

*1.       Plaintiff's First Set of Interrogatories to Defendant Nationwide Property & Casualty Insurance Company;*

*2.       Plaintiff's First Set of Request for Production to Defendant Nationwide Property & Casualty Insurance Company.*

Respectfully submitted,

**The Merlin Law Group**

By:  */s/ Javier Delgado*
**Javier Delgado, Esq.**
Texas State Bar No: **24066339**
Email: jdelgado@merlinlawgroup.com
515 Post Oak Blvd., Suite 750
Houston, Texas 77027
Telephone: (713) 626-8880
Facsimile: (713) 626-8881

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document was served with **Plaintiff's Original Petition** on Defendants, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**, by courier-receipted delivery by process server.

*/s/ Javier Delgado*
**Javier Delgado, Esq.**

CAUSE NO.

| | | |
|---|---|---|
| OM INDUSTRIAL PRODUCTS | § | IN THE DISTRICT COURT OF |
| CORPORATION | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY & | § | |
| CASUALTY INSURANCE | § | |
| COMPANY; | § | |
| DEFENDANT | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

**COMES HERE,** Plaintiff, by and through their undersigned counsel, hereby propound upon the Defendant, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,** (hereinafter, referred to as "Defendant"), the following Interrogatories to be answered in compliance with the applicable Federal Rules of Civil Procedure:

## EXPLANATION OF TERMS

1.     "You" or "Your" -- refers to **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY** ("Defendant"), its agents, employees, representatives and all other persons acting on their behalf or at their request.  Your response to these Interrogatories must reflect and contain the knowledge of all persons embraced by the term "Defendant" or the terms "you" or "your."

2.     Person – refers to any corporation, individual, joint venture, partnership, group, association, government agency, or any other identifiable entity.

3.     Communication – refers to the transmission, transfer, or receipt of information in any form, by any means, in any manner at any time or place, under any circumstances whatsoever.

4.     Document or Documents – refers to writings, letters, telegrams, memoranda, recorded recollections of conferences or telephone conversations, reports, studies, lists, any written compilation of data, papers, books, records, contracts, drawings, photographs, mechanical or electronic recordings in any form, and all other identifiable objects upon which any inscription, handwriting, typing, printing,

- 1 -

drawing, representation by any means, whether magnetic, electrical, photo static, or any other form of communication is recorded, reproduced, perpetuated, maintained or preserved.   These terms similarly embrace the reproduction or copies of the foregoing.

5.    Identify a Document – refers to the requirement that the identity of the person preparing the document be disclosed, the identity of all persons signing, issuing and/or attesting to such document be disclosed, the identity of addressees or distributes be disclosed, the nature, contents and/or substance of the document be disclosed with sufficient particularity so as to enable identification, the date which the document bears must be disclosed and, in the event the document bears no date, a disclosure of that fact together with the date upon which such document was prepared, a disclosure of the physical location of the document together with the names and addresses of the custodian or custodians of the documents.

6.    Identify a Person – when employed with regard to a natural person, it refers to the name of such person, the present or last known address of such person, the name and address of such person's employer and the position of employment held by such person.   When the clause "identify person" is employed with reference to a person not an individual, such term shall require the name and principal office of such person, the date and place of incorporation, if applicable, and such other information as necessary to identify, locate and/or communicate with such person.

## INSTRUCTIONS FOR USE

A.    All information is to be divulged which is in the possession of the individual party, its attorney, investigators, agents, employees or other representatives of the named party and its attorney.

B.    If you lack the information necessary to answer any of the Interrogatories, describe the specific efforts made by you or anyone on Defendant's behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your responses.

**INTERROGATORY NO.1:**        State the name, address, telephone number and title of each person(s) who had any role, whatsoever, in investigating, adjusting and/or otherwise working for you and/or on your behalf regarding Plaintiff's insurance claim for damages sustained to the Plaintiff's insured property.  Include in your answer the person's job title; employer; a brief description of hers/her responsibilities regarding this matter;   and a list of all documents, emails and/or other written or electronic information generated by each such person in relation to this case. (This interrogatory seeks the name of every employee/contractor/agent of Defendant who had anything to do

with the claim, including engineers, investigators, adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee). If any person identified in the answer has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status. If any person identified in the answer to the preceding Interrogatory is no longer employed with Defendant, please state the date of separation, and the last-known residence address and telephone number or place of current employment of each such person.

**ANSWER:**

**INTERROGATORY NO. 2:**      Please describe each and every investigative step conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss, stating the names, job titles and employers of the individuals performing those investigative steps; the dates of the investigative actions; and the results of the same.

**ANSWER:**

**INTERROGATORY NO. 3:**      State in detail and with specificity all damages to the Plaintiff's insured premises that Defendant found during its claims investigation, including but not limited to the date Defendant first had knowledge of or discovered the damage(s); the nature and extent of the damage(s); and the dollar amount of the estimate of repair or remediation prepared by you and any persons or entities hired by Defendant. Include in your answer the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

**ANSWER:**

**INTERROGATORY NO. 4:** List with specificity and in detail each part of the Plaintiff's insured premises and each item of personal property which you contend was damaged by windstorm and/or any excluded peril and, for each part or item listed, state the evidence which you contend proves that it was damaged by windstorm and/or any excluded peril.

**ANSWER:**

**INTERROGATORY NO. 5:** State with specificity all standards and/or practices for the investigation, evaluation and repair of structures damaged by windstorm upon which you relied in the evaluation, investigation and/or adjustment of the Plaintiff's claim. Include in your answer the identity of the organization which promulgated the standards/practices and the name(s), address(es), and telephone number(s) of the persons who have custody and control of a written or electronic copy of the standards/practices identified.

**ANSWER:**

**INTERROGATORY NO. 6:** Please state the names, addresses and telephone numbers of all persons who have knowledge of discoverable facts relating to this case and, for each person listed, describe the knowledge which you believe them to have.

**ANSWER:**

**INTERROGATORY NO. 7:**       Please state whether the Plaintiff's damages were covered under the "windstorm" provisions of the policy and, if your answer is negative, explain why, identifying all applicable policy provisions with specificity.

**ANSWER:**

**INTERROGATORY NO. 8:**       Please   identify   all   reports,   opinions, treatises, articles and materials of any kind, on which you relied in denying the Plaintiff's claim for windstorm damage.

**ANSWER:**

**INTERROGATORY NO. 9:**       Please state whether an engineer was ever retained to determine the cause or extent of damage to the Plaintiff's insured property.  If your answer is affirmative, state the following:

      a.       the name, employer, business address and telephone number of the engineer; the name and employer of the person who retained the engineer;

      b.       whether the engineer ever produced a report and, if so, who has custody of the report;

      c.       whether the engineering report was cancelled and, if so, the reason for cancellation and the name and employer of the person who cancelled the report;

      d.       whether you ever received a copy of the report;

      e.       the name and employer of the person who received the engineering report;

      f.       whether the Plaintiffs ever received a copy of the report and, if your answer is negative, the reason you did not provide the Plaintiffs with a copy of the report.

      g.       whether the engineer personally made a physical inspection of the property at the actual site of the property.

- 5 -

**ANSWER:**

**INTERROGATORY NO. 10:**     Do you contend that the extent of windstorm damage to the Plaintiff's insured property is a matter that is within the common knowledge of lay people?

**ANSWER:**

**INTERROGATORY NO. 11:**     Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way?  If your answer is affirmative, please state each and every such act or omission; the date of the act or omission;  the specific policy provision voided, nullified, waived or breached; how the act or omission voided, nullified, waived or breached the provision; and describe specifically the prejudice you suffered as a result, if any.

**ANSWER:**

**INTERROGATORY NO. 12:**     Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way?  If your answer is affirmative, please state each and every such act or omission; the date of the act or omission; the specific policy provision which establishes the condition precedent or covenant; whether you contend the provision establishes a condition precedent or a covenant; and describe specifically the prejudice you suffered as a result, if any.

**ANSWER:**

Respectfully submitted,

**The Merlin Law Group**

By:   */s/ Javier Delgado*
      **Javier Delgado, Esq.**
      Texas State Bar No: **24066339**
      Email: jdelgado@merlinlawgroup.com
      515 Post Oak Blvd., Suite 510
      Houston, Texas 77027
      Telephone: (713) 626-8880
      Facsimile: (713) 626-8881

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served with **Plaintiff's Original Petition** on Defendant, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**, by courier-receipted delivery by process server.

*/s/ Javier Delgado*
**Javier Delgado, Esq.**

CAUSE NO. _____

| | | |
|---|---|---|
| **OM INDUSTRIAL PRODUCTS**<br>**CORPORATION**<br> **PLAINTIFF,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **vs.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **NATIONWIDE PROPERTY &**<br>**CASUALTY INSURANCE**<br>**COMPANY;**<br>  **DEFENDANT** | §<br>§<br>§<br>§<br>§ | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

**COMES HERE,** Plaintiff, by and through their undersigned counsel, hereby propound upon the Defendant, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY** (hereinafter, referred to as "Defendant"), the following **Request for Production** to be answered in compliance with the applicable Texas Rules of Civil Procedure:

**OM INDUSTRIAL PRODUCTS CORPORATION**, Plaintiff, request that you produce for discovery under the Texas Rules of Civil Procedure, the items specified on "Exhibit A" that is attached.

The requested documents are to be produced on or before the expiration of **fifty (50)** days after service of this request. The documents shall be produced at:

**Merlin Law Group**
**515 Post Oak Blvd., Suite 510**
**Houston, Texas 77027**

Delivery of the documents requested may be by mail if you so desire.

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Please be advised that the undersigned intends to

use the documents you produce in response to this request for production in any hearing or trial of this lawsuit.

Respectfully submitted,

**The Merlin Law Group**

By:   _/s/ Javier Delgado_____
        **Javier Delgado, Esq.**
        Texas State Bar No: **24066339**
        Email: jdelgado@merlinlawgroup.com
        515 Post Oak Blvd., Suite 510
        Houston, Texas 77027
        Telephone: (713) 626-8880
        Facsimile: (713) 626-8881

        **ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served with **Plaintiff's Original Petition** on Defendants, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**, by courier-receipted delivery by process server.

        _/s/ Javier Delgado_____
        **Javier Delgado, Esq.**

## EXHIBIT A

**Instructions**:

1.   Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number. There is a duty to supplement any answer made to the request for documents when the original answer is no longer true or the answer was incorrect or incomplete when made.

2.   For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person whom it was addressed to, circulated to, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and the custodian for the document.

3.   For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could not longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.   The production of documents pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents authenticity under the Federal Rules of Civil Procedure.

**Definitions**:

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.  "PLAINTIFFS", means, **OM INDUSTRIAL PRODUCTIONS CORPORATION**, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

2.  "DEFENDANT," means, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.  "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person of entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer of other information storage or retrieval systems, together with the codes and/or

- 4 -

programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts;

statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generate, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.  "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.  "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to

supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) an all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.      "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any

kind, created during the period 1999 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all file, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal, Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.     "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "DESCRIBE" and "IDENTIFY", when referring to a person, require statements of the following:

a. The full name.

b. The present or last known residential address.

c. The present or last known residential and office telephone numbers.

d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.

e. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.     "DESCRIBE" and "IDENTIFY", when referring to a document, are defined to require that you state the following:

a. The nature (e.g., letter, handwritten note) of the document

b. The title or heading that appears on the document

c. The date of the document and the date of each addendum supplement, or other addition or change.

d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e. The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.   The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.   "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.   "INSURANCE CARRIER" means, Defendant, **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

With these definitions in mind, please produce the following documents:

**REQUEST FOR PRODUCTION NO. 1:**    Claims Manuals, guidelines, policy/procedure documents relating to claims handling practices and adjustment of windstorm damage claims, which apply to handling property claims in Texas. This also seeks any consumer protection guidelines, policies, procedures, manuals and/or bulletins, including those in regards to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21 and Texas Insurance Code §542.055 et esq. and/or Article 21.55.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**  All e-mails between Defendant's adjusters, agents, supervisors, officers and/or executives regarding changes in the educational programs relating to the handling of property damage, windstorm damage claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**    All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**    All communications and documents, including electronic, between Defendants and Plaintiff's property insurance carrier regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All communications and documents, including electronic, between Defendants and any other defendant(s) regarding Plaintiff's claim(s).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**   All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendants company, regarding Plaintiff's claim(s).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**   All communications and documents Defendant sent to any other defendant(s) in this cause of action regarding Plaintiff or the Property, after Plaintiff made their claim(s) for coverage.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**   All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**   Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, summaries, regarding the insurance claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All reports and other documents from governmental agencies or offices regarding Plaintiff's property or containing officially kept information regarding Plaintiff's property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:** Any and all records Defendant received from a third party, including those obtained by way of deposition by written questions, regarding Plaintiff's property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:** Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:** Any and all materials, documents, files, invoices, and/or reports of any and all independent adjusters, adjusting companies, engineers, contractors

and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Any and all materials, documents, files, invoices, and/or reports of any and all engineers, contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendants. This request is limited to the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  A complete copy of the entire personnel file(s) of the supervisors or any adjusters assigned to Plaintiff's claim from the time of hiring through the present. This request includes any disciplinary files or documents pertaining to the adjuster as well.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Any and all activity logs relating to Plaintiff's claim(s) for property damage, windstorm damage to their property, specifically the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   The insurance policy in effect on the date of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   A complete copy of the claims file(s) pertaining to Plaintiff's windstorm claim made the basis of this lawsuit. This request also includes all activity notes, diary loss journals, or field notes as well.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit. This includes any independent adjusting company's or adjuster's claim file pertaining to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  The underwriting file generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  Any and all documents relating to or reflecting the insurance carrier's and/or the independent adjuster's association or contractual relationship with Defendant. This includes any documents that set forth the duties and responsibilities delegated by the insurance carrier or delegated to the independent adjuster.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  Any and all documents relating to the assignment of Plaintiff's claim(s) from the insurance carrier and/or to the independent adjuster.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**  Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any other entities with whom Defendant worked or communicated regarding Plaintiff's Property. This includes

document exchanged with insurance carrier and/or independent adjusters assigned to Plaintiff's claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28:** All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:** Any and all indemnity agreement between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31:** All e-mails regarding the investigation, adjusting, payment and/or handling of the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33:** True and complete copy of activity logs filed by the staff, supervisors, and independent adjusters on the file.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:** Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35:** True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes and requests made by the adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Documents that reflect the amount of business the independent adjusting company and/or adjuster gets from Defendant Insurance Carrier. This request is for the last 5 years. This request includes any information reflecting the number of claims that have been assigned to the independent adjusting company and/or adjuster by the Defendant Insurance Carrier and what percentage of the independent adjusting company's and/or adjuster's business it makes up.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:** Any and all reports, documents or correspondence reflecting the recommended reserves on this file.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 39:** Any expense reports or budgets that reflect the amount of money spent by Defendant or Defendant's employees or representatives on entertaining the Defendant insurance carrier and/or its representatives. This also includes any expense reports or budgets set aside or used for business development between the Defendant and Defendant's insurance carrier.

**RESPONSE:**