United States District Court
Southern District of Texas
**ENTERED**
September 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OM INDUSTRIAL PRODUCTS CORPORATION, Plaintiff, | § § § § § § | CIVIL ACTION NO. 4:19-cv-03896 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant. | § § § § § § § | |

MEMORANDUM AND ORDER
DENYING MOTIONS FOR SUMMARY JUDGMENT

Plaintiff OM Industrial Products Corporation and Defendant Nationwide Property and Casualty Insurance Company have each moved for partial summary judgment on the breach of contract claim asserted by OM Industrial. Dkts 11, 12. Nationwide also moved to strike OM Industrial's summary judgment evidence. Dkt 15.

This is an insurance-coverage dispute between OM Industrial and Nationwide. OM Industrial owns a commercial building in northwest Houston. It had an insurance policy with Nationwide regarding that building and business personal property. OM Industrial submitted a claim for damage after Hurricane Harvey hit the Houston area in August 2017. Nationwide denied the claim because its adjuster determined there was neither damage from Hurricane Harvey nor a covered cause of loss to the roof system.

OM Industrial invoked the policy's appraisal provision. The appraisers and umpire signed an appraisal award in August 2019. The award appraised the value of building loss at $6,235.94 and business property at $121,028.70, totaling $127,264.64. OM Industrial has demanded payment based on the award. Nationwide has refused to pay the award, maintaining that the damage was not covered under the policy.

OM Industrial filed this suit for breach of contract, violations of the Texas Unfair Claims Practices Act, non-compliance with Texas Insurance Code Chapter 542, and breach of the duty of good faith and fair dealing. Dkt 1. Both parties moved for partial summary judgment on the breach of contract claim. OM Industrial moved for summary judgment on assertion that the appraisal award conclusively established Nationwide's liability. Dkt 12 at 17. Nationwide also moved for summary judgment with respect to building coverage based on the award being below the deductible in the policy. Dkt 11 at 8.

The Court heard extensive oral argument on the motions. Based on the record, applicable law, and argument at the hearing, the motions for partial summary judgment are denied.

*As to the coverage issue.* OM Industrial argues that the appraisal award resolves the issue of causation and damages. Nationwide responds that the appraisal award only determined damages, not liability. The main issue before the Court is whether the appraisal award is alone sufficient to conclusively establish causation—and thus covered losses—such that OM Industrial is entitled to judgment of $127,264.64 as a matter of law. It isn't.

The Supreme Court of Texas recently reiterated that "appraisal awards do not serve to establish a party's liability (or lack thereof)." *Ortiz v State Farm Lloyds*, 589 SW3d 127, 132 (Tex 2019), citing *In re Allstate Insurance Co*, 85 SW3d 193, 195 (Tex 2002). Instead, "they contractually resolve a particular type of dispute among insurers and insureds: the amount of the covered loss." *Ortiz*, 589 SW3d at 132. And failure by an insurer to pay an appraisal award doesn't alone establish that it is in breach. Id at 132–33.

OM Industrial primarily relies on an earlier decision by the Supreme Court of Texas, *State Farm Lloyds v Johnson*, 290 SW3d

886 (Tex 2009). The court there addressed whether causation is a liability issue or a damages issue. It held that "when different causes are alleged for a single injury to property, causation is a liability question for the courts." Id at 892. By contrast, "when the causation question involves separating loss due to a covered event from a property's pre-existing condition," such as wear and tear, "appraisers may have to decide the damage caused by each *before the courts can decide liability*." Id at 892–93 (emphasis added). In no event may the appraisers "rewrite the policy." Id at 893. And the Supreme Court of Texas was adamant: "No matter what the appraisers say, [the insurer] does not have to pay for repairs due to wear and tear or any other excluded peril because those perils are excluded." Ibid.

Reliance by OM Industrial on *Salas Realty LLC v Transportation Insurance Co*, 425 F Supp 3d 751 (ND Tex 2019), is similarly misplaced. Both *Johnson* and *Salas Realty* at base dealt with actions concerning whether an appraisal would even occur over opposition by the insurer. Neither remotely supports summary judgment on the basis of the award after appraisal. To the contrary, Nationwide cites to *Texas Windstorm Insurance Association v Dickinson Independent School District*, 561 SW3d 263 (Tex App—Houston [1st Dist] 2018, pet denied). The court there held that an appraisal award alone didn't conclusively establish the insured's entitlement to summary judgment on the causation and damages elements of its breach of contract claim. Id at 278. So, too, here. Indeed, that conclusion is reinforced by the policy language regarding appraisal, which concludes, "If there is an appraisal . . . We [Nationwide] will still retain our right to deny the claim." Dkt 11-1 at 57.

The at-issue policy contains an express limitation stating that Nationwide will not pay for loss or damage to "[t]he interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain . . . unless [t]he building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain . . . enters." Id at 72. Nationwide maintains that the rain entered through a poorly maintained roof, not through damage caused by a covered cause of loss. Causation here is a liability question to be determined in

3

these proceedings. *Texas Windstorm*, 561 SW3d at 277. And there are genuine disputes of material fact as to that issue.

*As to the deductible issue.* The award appraised the value of the building loss at $6,235.94 Dkt 12-18 at 1. This is below the building-coverage deductible in the policy of $14,660. Dkt 11-1 at 31, 64–67. Nationwide moved for summary judgment on these facts as establishing it wouldn't have to pay the disputed amount.

But OM Industrial indicates it might move to set aside the appraisal award. The motion will be denied on this basis at the present time. Nationwide may reassert its argument at the close of discovery or another procedural juncture where it is ripe to consider.

The motion by Nationwide for partial summary judgment is DENIED. Dkt 11.

The motion by Om Industrial for partial summary judgment is DENIED. Dkt 12.

The motion by Nationwide to strike summary judgment evidence is DENIED AS MOOT. Dkt 15.

SO ORDERED.

Signed on September 16, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge